```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 HARRISON DIVISION
```

**RICHARD GOODEN**                                          **PLAINTIFF**

      **v.**         **Civil No. 09-03030**

**AMBER SZITAR, ET AL.**                                    **DEFENDANTS**

## O R D E R

NOW on this 8th day of June 2010, comes on for consideration Defendant Terry Shackleford's **Motion to Dismiss** (document #29), Defendant Amber Szitar and Crystal Szitar's **Second Motion to Dismiss** (document #33), Plaintiff Richard Gooden's **Motions to Strike** (documents #37 and #45), and the respective responses thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. On April 13, 2009, Plaintiff, acting *pro se*, commenced this action seeking to quiet title and eject Defendants from certain land in Searcy County, Arkansas. The first amended complaint set forth additional causes of action and was some 53 pages in length, with 214 paragraphs (exclusive of exhibits).

On December 29, 2009, the Court entered an Order (document #27, hereinafter the Court's "December 29th Order") finding that Plaintiff's first amended complaint failed to satisfy the clarity and brevity requirements of Federal Rule of Civil Procedure 8(d)(1). Accordingly, the Court directed Plaintiff to file and

serve a second amended complaint within twenty days of its December 29th Order. The Court also stated that the amended complaint "must satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure." Doc. 27 at 5. Plaintiff was cautioned that failure to timely comply with the Court's Order may result in the dismissal of this action.

In response to the Court's December 29th Order, Plaintiff filed his second amended complaint on January 19, 2010. Defendants subsequently filed the respective motions to dismiss that are now before the Court. In their motions, Defendants contend that the second amended pleading fails to comply with the Court's December 29th Order and, again, runs afoul of the pleading requirements set forth in Rule 8.

2. Before discussing the merits of Defendants' respective motions to dismiss, the Court will first address Plaintiff's motions to strike.

(a) In the first of these two motions (document #37), Plaintiff points out that the motion to dismiss of Defendants Amber Szitar and Crystal Szitar was untimely filed. Thus, Plaintiff now seeks to strike this motion.

In their response, Defendants do not deny the untimeliness of their motion to dismiss. According to the parties, Defendants' responsive pleading was due by February 10, 2010. However, Defendants Amber Szitar and Crystal Szitar filed their motion to

dismiss on February 16, 2010 -- six days late.  Defendants say that the delay in filing their motion to dismiss was due to a calendaring error by counsel, wherein he inadvertently recorded the wrong responsive pleading deadline on his calendar.

Despite Plaintiff's assertions to the contrary, the Court finds no prejudice in Defendants' late filing.  In the Court's view, the six-day delay at issue is excusable and is not grounds for the drastic measure of striking Defendants' motion to dismiss.  Thus, the Court finds that Plaintiff's first motion to strike (document #37) should be denied.

(b)   Turning to Plaintiff's second motion to strike (document #45), Plaintiff contends that Defendants have failed to serve certain motions and responsive pleadings on him.  In fact, Plaintiff says that Defendants have committed a "fraud-on-the-court" by falsely claiming that he was properly served with these documents.

The Court finds no basis for these accusations, and will disregard them.  Specifically, Defendants have offered proof of service to the Court, such that the Court is satisfied that efforts have been made to serve Plaintiff with the documents in question.  The Court will, therefore, deny Plaintiff's second motion to strike (document #45).

The Court notes, however, that there appears to be confusion as to Plaintiff's current residence and his proper mailing address.

To ensure timely delivery of filings to Plaintiff, the Court directs Defendants to serve any future filings upon Plaintiff at the following address -- and so certify in an accompanying certificate of service: P.O. Box 28, Tilly, AR 72679.  If this address is improper or inconvenient for Plaintiff, he should notify the Clerk of the Court and amend his CM/ECF filing information within ten (10) days of the date of this Order.

3. Turning now to Defendants' respective motions to dismiss (documents #29 and #33) and the second amended complaint filed by Plaintiff, the Court finds that this pleading suffers the same shortcomings as his previous complaint.

As noted in the Court's December 29th Order, Federal Rule of Civil Procedure 8(d)(1) requires both clarity and brevity. See Fed. R. Civ. P. (8)(d)(1) ("Each allegation must be simple, concise, and direct.").  Among other things, this requirement ensures that complaints are sufficiently concise and definite to enable defendants to frame their responsive pleadings.

While Plaintiff has reduced the length of his complaint from 53 to 43 pages, this document remains replete with seemingly irrelevant allegations and narratives which, in the Court's view, have nothing to do with the instant matter.

Once again, Plaintiff's complaint focuses, in great detail, on alleged family histories and personal accounts which have no apparent bearing on or relevance to the claims asserted by

Plaintiff. For example, numerous pages of the complaint are devoted to the life-story of Elberta Eller-Szitar. Ms. Szitar is not a party to this proceeding, and the Court can find no connection between the factual allegations regarding Ms. Szitar and the claims set forth in Plaintiff's pleading.

Thus, the Court, again, finds that the maze of details and patently irrelevant allegations contained in the complaint render it unintelligible and incomprehensible, and place an unnecessary burden on the Court and the parties who must respond to this pleading.

Consequently, the Court concludes that the second amended complaint does not comply with the pleading requirements of Rule 8. Thus, Defendants should not be made to answer this pleading. However, the Court does not agree that dismissing Plaintiff's complaint is the appropriate measure at this juncture. The Court will, therefore, deny Defendants' motions to dismiss the complaint (documents #29 and #33), with the instructions set forth below.

**IT IS THEREFORE ORDERED** that Defendants' **Motions to Dismiss** (documents #29 and #33) should be, and they hereby are, **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve an amended complaint within twenty (20) days of the date of this Order. Said amended complaint must satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure. Moreover, Plaintiff is directed that his amended complaint should

not exceed twenty (20), double-spaced pages in length.[1]  Plaintiff is cautioned that **failure to timely comply with this Order will result in the dismissal of this action.**

**IT IS FURTHER ORDERED** that Plaintiff Richard Gooden's **Motions to Strike** (documents #37 and #45) should be, and they hereby are, **denied.**

**IT IS FURTHER ORDERED** that Defendants shall serve any future filings upon Plaintiff at the following address -- and so certify in an accompanying certificate of service: P.O. Box 28, Tilly, AR 72679.  If this address is improper or inconvenient for Plaintiff, he should notify the Clerk of the Court and amend his CM/ECF filing information within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

          **/s/ Jimm Larry Hendren**
          **JIMM LARRY HENDREN**
          **UNITED STATES DISTRICT JUDGE**

---

[1] Having reviewed Plaintiff's second amended complaint, the Court is confident that, if Plaintiff sets forth only those facts which relate directly to his claims, the complaint will easily stay within this 20-page limit.